## ATLANTIC FRUIT CO. v. A CARGO OF SUGAR.

(Circuit Court of Appeals, Second Circuit. December 11, 1917.)

No. 63.

SHIPPING ☞58(3)—RETENTION OF VESSEL AFTER EXPIRATION OF CHARTER—DAMAGES.

Damages recoverable by a shipowner from a charterer, for the retention of the vessel and the making of a new voyage after the charter term expired, *held*, under the facts shown, properly measured by the current rate of hire.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Atlantic Fruit Company against a cargo of sugar and Edward M. Raphel & Co., Incorporated. Decree for libelant, and respondents appeal. Affirmed.

The following is the opinion of Augustus N. Hand, District Judge, on exceptions to the commissioner's report:

The special commissioner allowed the current rate of hire as damages for a retention by the charterer of the chartered vessel during the period of a new voyage after the expiration of the term of the charter party. That this voyage was undertaken by the charterer without knowledge that the charter party had not been extended cannot change the rule of damages.

It is urged that an exception to the general rule of damages should be made in this case because the libelant had intended the vessel for the banana trade and was able to secure a substitute ship at a rate of hire less than that allowed by the commissioner. It is impossible to say what the ship would have earned for the libelant in the banana trade. The use of the vessel for such a purpose might have been much more advantageous than an extension of the charter to respondents at even the prevailing high rate of charter hire. The respondents seem to have had notice of a proposed use of the vessel by the libelant at the time the unauthorized voyage was entered upon for the banana trade, but did not know of damage to any particular fruit by delay. Moreover, damages based upon the earnings from such a venture would have been as speculative as the alleged damage to fruit caused by the failure promptly to surrender the vessel at the end of the charter period which I rejected at the trial upon objection of the respondents. If the libelant is not to be allowed what it would have secured, had the vessel been employed in the banana trade as originally proposed by libelant, the only alternative, and I think clearly the customary and fair measure of damages, would be the current rate of hire as found by the commissioner.

The exceptions to the report should be overruled, and the report should be confirmed.

Raoul E. Desvernine, of New York City, for appellants.

Hunt, Hill & Betts, of New York City (Geo. Whitefield Betts, Jr., and George C. Sprague, both of New York City, of counsel), for appellee.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. Decree affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes