536

## N. V. ZUID HOLLANDSCHE SHEEPVAARTS MAATSCHAPPIJ v. MUNSON S. S. LINE.

District Court, E. D. New York. January 8, 1929.

No. 8060.

Burlingham, Veeder, Masten & Fearey, of New York City (Ray Rood Allen and Eugene Underwood, Jr., both of New York City, of counsel), for libelant.

Rumsey & Morgan, of New York City (John Tilney Carpenter, of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge. The libelant seeks to recover from the respondent damages alleged to have been sustained by the Dutch steamship Obbergen while under time charter to the respondent, repairing damage to the vessel, detention during repairs, charter hire from July 12, 1924, to July 17, 1924, boiler water and coal consumed, and launch hire at Key West.

Prior to chartering the vessel, a representative of the respondent examined the same and found it to be in good condition. Thereafter, and during the charter period, the master reported to the respondent items of damage done by the respondent's stevedores and demanded that respondent make repairs. Respondent sought to redeliver the vessel in damaged condition on July 12, 1924. The respondent refused to make repairs although requested by the master to do so.

The three charters provide: "4. * * * hire to continue until the hour of the day of her redelivery in like good order and condition, ordinary wear and tear excepted. * * * *" The respondent is therefore liable for damages in excess of ordinary wear and tear, together with the detention during repairs.

I am convinced that some damage was done by the respondent while the vessel was under charter which was caused by the negligence of the respondent and not due to ordinary wear and tear. There is no evidence that the master was negligent. The master on numerous occasions attempted to prevent the respondent's stevedores from doing damage. The master's warnings were not heeded and damages were caused by the stevedores, for which the libelant is entitled to recover. Libelant is also entitled to recover the value of the use of the vessel during the time she was laid up for making those repairs for which the respondent is liable.

At the time the vessel was tendered for redelivery at Norfolk, the repairs had not been made. The respondent's agent on July 14th offered to pay the master $150 if he would take redelivery then and make repairs at some later date. This the master refused and advised the respondent's agent that the vessel would remain on charter until the damages were repaired. The master waited a reasonable time and sought to have surveyors appointed by both parties to settle the dispute. The respondent was unwilling to make an adjustment. On July 17th, libelant's agent advised respondent's agent that the vessel would sail without incurring further delay and respondent would be held for the damage. The vessel sailed at 2:45 p. m. on July 17th.

The libelant is entitled to recover hire at the charter rate during the period of detention at Norfolk, as well as for the coal consumed, for the boiler water, and launch hire.

Decree may be entered for the libelant against the respondent, with costs, and the usual order of reference. Settle decree on notice.