**JOHNSON BARGE COMPANY,**
**Libelant,**

v.

**MID-VALLEY, INC., Respondent.**
**No. 1930.**

United States District Court
S. D. Texas,
Houston Division.

June 3, 1963.

Eastham, Watson, Dale & Forney, Robert C. Davee, Houston, Tex., for libelant.

Eikel, Feltner & Goller, Theodore Goller, Jr., Houston, Tex., for respondent.

HANNAY, District Judge.

Libel in Admiralty for damages by barge owner for delay in receiving redelivery of the barge in good order due to time required to repair damages incurred while the barge was in the possession and control of the charterer.

The material facts are undisputed and are stipulated to by the parties. The barge, the JULIA I, is a steel, offshore oil well drilling barge. It was chartered to Respondent, a Delaware corporation hereinafter referred to as Charterer, under a written bareboat charter agreement which is the entire contract between the parties. In accordance with the charter agreement, which was entered into in the State of California, the JULIA I was returned by the Charterer on July 5, 1960, to the agreed place of delivery at Long Beach, California. Inspection revealed that the JULIA I had been damaged in excess of ordinary wear and tear. These damages were repaired and were a matter of the Charterer's responsibility under the charter agreement. No question exists here as to the nature and extent of the damages or as to the obligation of the Charterer to pay for the repairs as such.

The return of the barge after the repairs were made came on July 19, 1960, which was fourteen days after the agreed date of redelivery to the Libelant, a Nevada corporation hereinafter referred to as Libelant-Barge Owner.

Material portions of the charter agreement read:

## "ARTICLE II

### DELIVERY AND REDELIVERY OF BARGE

"The mentioned barge shall be delivered at Long Beach, California at Pier D, Berth 35, at 8:00 A.M., on or before May 16th, 1960, and in accordance with Article I above, shall be redelivered at the same place upon the termination of this Charter, unless actually or constructively lost.

"Should redelivery not be made as herein provided, it is hereby stipulated that Charterer shall pay to Owner, as liquidated damages for failure to deliver the said Barge, the sum of $750.00 per day, or any part of a day, until the barge is redelivered to Owner in its present good order and condition."

## "ARTICLE IV

### CONDITION OF BARGE ON DELIVERY AND REDELIVERY

"It is agreed that at the time of delivery of the barge, at Charterer's expense, said barge shall be surveyed by U. S. Salvage, and that said survey shall be accepted by Charterer.

"Upon redelivery of the Barge, at Charterer's expense, said Barge shall again be surveyed by U. S. Salvage. The findings of said surveyor concerning the condition of the said barge shall be binding upon Charterer and Owner, and Charterer warrants and agrees to forthwith, at its own expense, do all things necessary to restore the barge to its condition at the time of delivery as established by the survey first above mentioned, fair wear and tear excepted."

▮ Reason and the authorities support the proposition that a bareboat charterer is liable for time lost to the owner (loss of hire) for the charterer's failure to make timely redelivery. U. S. v. Shea, 152 U.S. 178, 14 S.Ct. 519, 38 L.Ed. 403; N. V. Zuid Hollandsche Sheepvaarts Maatschappij v. Munson SS Line, 32 F.2d 536; Cox v. Banks, D.C., 50 F.Supp. 871; Banks v. Chas. Kurz Co., D.C., 69 F.Supp. 61, 69; Atlantic Fruit Co. v. A Cargo of Sugar, 2 Cir., 249 F. 871.

"A charter must be construed according to the intent of the parties as manifested by the whole instrument rather than by the literal meaning of any particular clause taken by itself." The Framlington Court, 5 Cir., 69 F.2d 300, 303.

Charterer argues that the stipulated damages clause is void in this case both under the general maritime law, citing Watts v. Camors, 115 U.S. 353, 6 S.Ct. 91, 29 L.Ed. 406, and under the law of California. The California Civil Code, § 1670, declares void a contractual agreement "by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof * * *" The exception to this is stated in Sec. 1671, which states:

*"Liquidated damages; circumstances authorizing.* EXCEPTION. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

In 80 C.J.S. Shipping § 48, p. 739, it is stated:

"Damages recoverable from a charterer for retention of a vessel after the expiration of the charter may be measured by the current rate of hire, the best going rate from the place of redelivery, or the rate stipulated for in the charter as liquidated damages * * *."

In Richmond Dredging Co. v. Standard American Dredging Co., 9 Cir., 208 F. 862, involving a charter party entered into and performed in California, liqui-

dated damages of $50.00 a day were awarded in Admiralty for failure to timely redeliver in accordance with the charter agreement. Hanna Nielsen Steamship Co. v. Hammond Steamship Co., 9 Cir., 32 F.2d 31, cited and relied upon by Charterer, was not a case of loss of hire under a charter party for failure of the charterer to make timely redelivery of the vessel. That case concerned the right of a vendor to an escrow deposit made under a contract for and in contemplation of the sale of certain vessels. The facts of the case were not deemed by the Court to bring it within the exception of Sec. 1671 of the California Civil Code.

Under the terms of the charter agreement, read as a whole, the initial redelivery of the barge, since being unacceptable to the owner because of damage, did not end the Charterer's liability for loss of hire.

The wording is not ambiguous. It is unmistakably clear that the Charterer assumed the obligation to return the barge in good order and condition or pay the charter hire as liquidated damages until the barge be so redelivered in the same good order and condition as it was delivered to it. Having failed in this obligation, Charterer is liable to Libelant for the fourteen days delay at the agreed hire per day.

In breach of contract and in admiralty, interest is payable from the time the cause of action accrued. Eugene B. Smith & Co. v. Russek, 5 Cir., 212 F.2d 338; Geotechnical Corp. of Delaware v. Pure Oil Co., 5 Cir., 214 F.2d 476.

The Fifth Circuit Court of Appeals has held unwaveringly that interest is payable according to the rate of the state where the contract was made and the services rendered. Leonie O. Louise, 5 Cir., 4 F.2d 699. The rate of interest in the state is ordinarily applied by analogy in the admiralty court. Geotechnical Corp. of Delaware v. Pure Oil Co., supra. The interest rate in California where the charter agreement was entered

into and performed is seven per cent (7%).

This court has jurisdiction of the parties and subject matter of this action.

Judgment is for Libelant-Barge Owner in the amount of $10,500.00 and against the Respondent (Charterer), plus interest at the rate of seven per cent from the time of the accrual of the cause of action on July 5, 1960.

The above shall constitute the findings of fact and conclusions of law herein.